# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA CLEMENTONI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.: 4:12-cv-00936-YK** |
| | ) | |
| ALLIED INTERSTATE, INC., | ) | **(Judge Yvette Kane)** |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND, THIRD, FOURTH, SIXTH, SEVENTH, EIGHTH, NINTH, FOURTEENTH, FIFTEENTH, SIXTEENTH, SEVENTEENTH, EIGHTEENTH, TWENTIETH AND <u>TWENTY-FIRST AFFIRMATIVE DEFENSES</u>

RESPECTFULLY SUBMITTED,

DATED: 08/03/2012      KIMMEL & SILVERMAN, P.C.

By: <u>/s/ Craig Thor Kimmel</u>
    Craig Thor Kimmel
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

# TABLE OF CONTENTS

I. FACTS ....................................................................................................- 2 -

II. ARGUMENT............................................................................................- 3 -

   A.   DEFENDANT'S SECOND AFFIRMATIVE DEFENSE THAT IS WAS ACTING IN GOOD FAITH TO COLLECT A LEGITIMATE DEBT IS LEGALLY INSUFFICIENT .....- 4 -

   B.   DEFENDANT'S THIRD AFFIRMATIVE DEFENSE THAT PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCUMENTARY EVIDENCE IS FACTUALLY AND LEGALLY INSUFFICIENT ....................................................................................- 5 -

   C.   DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE THAT PLAINTIFF'S CLAIMS ARE BARRED BECAUSE SHE CANNOT SHOW ACTUAL DAMAGES IS LEGALLY INSUFFICIENT ....................................................................................- 6 -

   D.   DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE THAT PLAINTIFF'S CLAIMS ARE BARRED BY CORRESPONDENCE BETWEEN PLAINTIFF AND DEFENDANT IS FACTUALLY AND LEGALLY INSUFFICIENT .........................................................- 7 -

   E.   DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION IS LEGALLY INSUFFICIENT ...........................- 8 -

   F.   DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE THAT PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF WAIVER AND ESTOPPEL IS FACTUALLY INSUFFICIENT ....................................................................................- 8 -

   G.   DEFENDANT'S NINTH AFFIRMATIVE DEFENSE THAT PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF UNCLEAN HANDS IS FACTUALLY AND LEGALLY INSUFFICIENT .........................................................................- 9 -

**H.** **DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE THAT PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF LACHES IS FACTUALLY AND LEGALLY INSUFFICIENT** .................................................................. - 11 -

**I.** **DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE THAT PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF FRAUDS IS FACTUALLY AND LEGALLY INSUFFICIENT** ............................................................... - 12 -

**J.** **DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE THAT PLAINTIFF'S CLAIMS ARE BARRED BY THE FDCPA IS LEGALLY INSUFFICIENT** ................. - 12 -

**K.** **DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE THAT PLAINTIFF CANNOT SHOW THAT DEFENDANT'S VIOLATION WAS INTENTIONAL IS LEGALLY INSUFFICIENT** ............................................................... - 13 -

**L.** **DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE THAT IT COMPLIED WITH ALL APPLICABLE STATUTORY AND REGULATORY PROVISIONS IS LEGALLY INSUFFICIENT** ............................................................... - 14 -

**M.** **DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE THAT PLAINTIFF'S CLAIMS ARE SUBJECT TO SET-OFF IS FACTUALLY INSUFFICIENT** .................... - 15 -

**N.** **DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE THAT IT RESERVES THE RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES IS LEGALLY INSUFFICIENT** ................................................................. - 15 -

**III.  CONCLUSION** ...................................................................... - 16 -

# TABLE OF AUTHORITIES

## CASES

Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) --- 4 -

Allstate Indem. Co. v. Coroniti, 2006 WL 1410820 (M.D. Pa. May 19, 2006) - 11 -

BJ Energy LLC v. PJM Interconnection, LLC, 2010 WL 1491900, *2 (E.D. Pa.
  April 10, 2010)------------------------------------------------------------------ 4 -, - 11 -

Cintron Beverage Group, LLC v. DePersia, 2008 WL 1776430, at *2, (E.D.Pa.
  Apr. 15, 2008)--------------------------------------------------------------------------- 11 -

Crawford v. Equifax Payment Services, Inc., 1998 WL 704050 (N.D. Ill. Sept. 30,
  1998) --------------------------------------------------------------------------------------- 7 -

Directv, Inc. v. Figler, 2006 WL 318825 (W.D. Pa. Feb. 9, 2006) --------- 4 -, - 11 -

DirecTv, Inc. v. Semulka, 2006 WL 318823, *1 (W.D. Pa. Feb. 9, 2006)---- passim

Dollar Systems, Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 173 (9th Cir. 1989)
  ------------------------------------------------------------------------------------------- 10 -

First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d 616, 622 (8th
  Cir. 2007)-------------------------------------------------------- 5 -, - 7 -, - 9 -, - 15 -

Global Poly, Inc., 2004 WL 532844 (D.C. Ill. 2004) --------------------------------- 9 -

Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 174 (3d Cir. 2001) - 10 -

Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998)---------------------------------- 6 -

Linker v. Custom-Bilt Machinery Inc., 594 F.Supp. 894, 898 (E.D. Pa. 1984) --- 4 -

McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 756 n.9 (3d Cir. 1990)- 10 -

New Jersey v. RRI Energy Mid-Atl. Power Holdings, LLC, 2010 WL 3958777, *4
  (E.D. Pa. Sept. 30, 2010) --------------------------------------------------------------- 3 -

Performance Unlimited, Inc. v. Questar Pub., Inc., 52 F.3d 1373 (6th Cir. 1995)----
  10 -

<u>Racick v. Dominion Law Associates</u>, 270 F.R.D. 228, 237 (E.D.N.C. 2010)-- - 16 -

<u>Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.</u>, 213 F.R.D. 307, 308

  (N.D. Ill. 2003)----------------------------------------------------------------------- 4 -

<u>Total Containment, Inc. v. Environ Products, Inc.</u>, 1992 WL 208981, at *1 (E.D.

  Pa. 1992)------------------------------------------------------------------------------- 3 -

<u>U.S. v. Marisol, Inc.</u>, 725 F.Supp. 833, 836 (M.D. Pa. 1989) ---------------------- 3 -

S<small>TATUTES</small>

13 Pa. Cons. Stat. Ann. § 2201 -------------------------------------------------------- 12 -

15 U.S.C. § 1692a(3)---------------------------------------------------------------------- 5 -

15 U.S.C. §1692a(5) ---------------------------------------------------------------------- 5 -

15 U.S.C. §1692d-------------------------------------------------------------------------- 8 -

15 U.S.C. §1692k(a)(2) ------------------------------------------------------------------- 6 -

15 U.S.C. §1692k(c) --------------------------------------------------------------------- 13 -

15 U.S.C. §1692k(d) --------------------------------------------------------------------- 11 -

33 Pa. Stat. Ann. § 3--------------------------------------------------------------------- 12 -

F.R.C.P. 12(f) ------------------------------------------------------------------------------ 3 -

F.R.C.P. 12(h)----------------------------------------------------------------------------- 16 -

F.R.C.P. 8(c) -------------------------------------------------------------------------------- 7 -

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAMELA CLEMENTONI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.: 4:12-cv-00936-YK** |
| | ) | |
| ALLIED INTERSTATE, INC., | ) | **(Judge Yvette Kane)** |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S SECOND, THIRD, FOURTH, SIXTH,
SEVENTH, EIGHTH, NINTH, FOURTEENTH, FIFTEENTH,
SIXTEENTH, SEVENTEENTH, EIGHTEENTH, TWENTIETH AND
TWENTY-FIRST AFFIRMATIVE DEFENSES**

Plaintiff, Pamela Clementoni, filed this action on May 18, 2012, against Defendant, Allied Interstate, Inc., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  See Dkt. No. 1.  In response, Defendant filed an Answer, setting forth twenty-one (21) affirmative defenses.  See Dkt. No. 7.  Plaintiff asserts that Defendant's Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Twentieth and Twenty-first Affirmative Defenses are insufficiently pled, not legally sufficient and/or are not affirmative defenses.  Accordingly, Plaintiff motions this Honorable Court to strike these defenses.

I.   **FACTS**[1]

Beginning in August 2011, and continuing through January 2012, Defendant made continuous and repetitive calls to Plaintiff on her home phone in an attempt to collect a consumer debt.   During the relevant period, Defendant contacted Plaintiff multiple times per day even though she does not owe the debt that Defendant was attempting to collect.   Instead, the debts Defendant was attempting to collect allegedly were owed by "Jeff Corcelius," "Amy Corcelius," and "Katie Beemer."   Plaintiff does not know a "Jeff Corcelius," a "Amy Corcelius" or a "Katie Beemer."   On multiple occasions, Plaintiff informed Defendant that she was not any of the persons it was looking for, that she did not know anybody by these names, and that these people do not live with her, and she instructed Defendant to stop calling her home telephone.   Defendant, however, failed to investigate the information that Plaintiff provided or to update its records to avoid the further harassment of Plaintiff.   Instead, Defendant continued to contact Plaintiff in its attempts to collect debts of other persons.

Realizing that Defendant was going to continue to contact her regarding debts allegedly owed by these individuals, Plaintiff looked up the names and addresses of the alleged debtors on the internet.   Through searching, Plaintiff was able to determine that alleged debtors lived on South Main Street in Hughesville,

---

[1]      All facts are taken from Plaintiff's Complaint.   See Dkt. No. 1.

whereas Plaintiff lived on North Main Street in Hughesville.   The next time Defendant contacted Plaintiff, Plaintiff provided Defendant with the correct address information of the persons that it was seeking to collect.   Again, however, Defendant failed to investigate this information and update its records to avoid the further harassment of Plaintiff; instead, it continued to contact her regarding the debts of other people.   Because Plaintiff was unable to stop Defendant's harassing collection calls on her own, she contacted counsel, and filed suit against Defendant in May 2012.

## II.   **ARGUMENT**

Rule 12(f) of the Federal Rules of Civil Procedure provides: "the Court may strike from a pleading an insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter."   This Honorable Court has recognized that "a motion to strike under Rule 12(f) is the 'primary procedure' for objecting to an insufficient affirmative defense."   U.S. v. Marisol, Inc., 725 F.Supp. 833, 836 (M.D. Pa. 1989).   An affirmative defense is insufficient if it is not recognized as a defense to the cause of action.   See New Jersey v. RRI Energy Mid-Atl. Power Holdings, LLC, 2010 WL 3958777, *4 (E.D. Pa. Sept. 30, 2010) (citing Total Containment, Inc. v. Environ Products, Inc., 1992 WL 208981, at *1 (E.D. Pa. 1992)).   Furthermore, an affirmative defense is insufficient where it cannot succeed under any set of facts which may be inferred from the allegations of the pleading.

See BJ Energy LLC v. PJM Interconnection, LLC, 2010 WL 1491900, *2 (E.D.

Pa. April 10, 2010)(citing Linker v. Custom-Bilt Machinery Inc., 594 F.Supp. 894,

898 (E.D. Pa. 1984)).  Finally, where a defense is nothing more than a bare bones

conclusory allegation, it may be stricken.    See BJ Energy LLC, 2010 WL

1491900, *2; see also Directv, Inc. v. Figler, 2006 WL 318825 (W.D. Pa. Feb. 9,

2006).

    When determining whether to strike a defense, courts have used a three-part

test. Directv, Inc., 2006 WL 318825.  First, the matter must be properly pleaded as

an affirmative defense.  Second, the matter must be adequately pleaded under the

requirements of Rules 8 and 9.  Third, the matter must withstand a Rule 12(b)(6)

challenge-that is, if the defendant could prove no set of facts in support of the

affirmative defense that would defeat the complaint, the defense must be stricken

as legally inadequate.    Id. (citing Surface Shields, Inc. v. Poly-Tak Protection

Systems, Inc., 213 F.R.D. 307, 308 (N.D. Ill. 2003)).

### a. Defendant's Second Affirmative Defense that is was acting in good faith to collect a legitimate debt is legally insufficient

    Defendant's Second Affirmative Defense is legally insufficient as it is not a

defense to liability under the FDCPA.  Defendant's argument that it acted in good

faith to collect a legitimate debt is irrelevant.  The FDCPA is a strict liability

statute that applies regardless of the debt collector's intent.  Allen ex rel. Martin v.

LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) cert. den'd, 132 S. Ct. 1141,

181 L. Ed. 2d 1016 (U.S. 2012).  The FDCPA imposes liability without proof of the defendant's intentional violation.  Id.  Further, the FDCPA, by its very language applies regardless of whether the debt is a legitimate debt.  See 15 U.S.C. §§ 1692a(3) and 1692a(5) (defining "debt" and "consumer").

Here, Defendant's Second Affirmative Defense is legally insufficient because even if Defendant's allegation are taken as true, and it was acting in good faith to collect a legitimate debt, it still violated the FDCPA by harassing Plaintiff and disclosing her private matters to third parties.  Because this affirmative defense would not affect the outcome of the case, Plaintiff respectfully requests that this Honorable Court strike this defense.

**b. Defendant's Third Affirmative Defense that Plaintiff's claims are barred by the documentary evidence is factually and legally insufficient**

Defendant's Third Affirmative defense should be stricken because it lacks the detail necessary to put Plaintiff on notice of the defense and it is not an affirmative defense to liability under the FDCPA.  Under Fed. R. Civ. 8(c), an affirmative defense must give adequate notice to the opposing party, affording them the opportunity to rebut the defense.  See First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d 616, 622 (8th Cir. 2007).  "[A]ffirmative defenses that are merely bare bones conclusory allegations do not meet the standards of Rule 8 and must be stricken."  DirecTv, Inc. v. Semulka, 2006 WL 318823, *1 (W.D. Pa. Feb. 9, 2006).

In this defense, Defendant alleges, "Plaintiff's claims are barred by the documentary evidence."  However, the term "documentary evidence" is so vague, that it fails to give Plaintiff any notice as to what document or defense Defendant is referencing.  Further, to the extent that the document contradicts any allegations pled in Plaintiff's complaint, such evidence is nothing more than a mere denial. As an affirmative defense is required to take all allegations in the complaint as true, Defendant assertion that Plaintiff's claims are barred by the documentary evidence should be stricken as it is not an affirmative defense.  See Id.; DEFENSE, Black's Law Dictionary (9th ed. 2009), defense.

### c. Defendant's Fourth Affirmative Defense that Plaintiff's claims are barred because she cannot show actual damages is legally insufficient

Defendant's Fourth Affirmative Defense should be stricken because it is irrelevant and immaterial to Plaintiff's FDCPA claims against Defendant. Defendant asserts that Plaintiff's claims are barred because Plaintiff cannot demonstrate any actual damages.  The FDPCA provides for statutory damages regardless of any actual damages sustained by Plaintiff.  See 15 U.S.C. §1692k(a)(2).  Under the FDCPA, an individual does not have to prove actual damages to establish a right to recover.  Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998).  Defendant's violation of the FDCPA alone is enough to trigger statutory damages, even if Plaintiff has no actual damages.  Crawford v. Equifax

Payment Services, Inc., 1998 WL 704050 (N.D. Ill. Sept. 30, 1998).  Accordingly,

Defendant's Fourth Affirmative Defense should be stricken.

### d. Defendant's Sixth Affirmative Defense that Plaintiff's claims are barred by correspondence between Plaintiff and Defendant is factually and legally insufficient

Defendant's Sixth Affirmative defense should be stricken because it lacks

the detail necessary to put Plaintiff on notice of the defense and it is not an

affirmative defense.   Under F.R.C.P. 8(c), an affirmative defense must give

adequate notice to the opposing party, affording them the opportunity to rebut the

defense.  See First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d

616, 622 (8th Cir. 2007).   "[A]ffirmative defenses that are merely bare bones

conclusory allegations do not meet the standards of Rule 8 and must be stricken."

Semulka, 2006 WL 318823 at *1.

Here, Defendant alleges, "Plaintiff's claims are barred by correspondence

between Plaintiff and Defendant."   However, Defendant does not elaborate on

what correspondence it is referencing, and, as stated, this defense is so vague that

it fails to give Plaintiff any notice as to what is possibly contained in any

correspondence between the parties that would give rise to an affirmative defense.

Further, to the extent that the correspondence contradicts any allegations pled in

Plaintiff's complaint, such evidence is nothing more than a mere denial.  As an

affirmative defense is required to take all allegations in the complaint as true,

Defendant assertion that Plaintiff's claims are barred by correspondence between Plaintiff and Defendant should be stricken as it is not an affirmative defense.  See Id.; DEFENSE, Black's Law Dictionary (9th ed. 2009), defense.

### e. Defendant's Seventh Affirmative Defense that this Court lacks subject matter jurisdiction is legally insufficient

Defendant's Seventh Affirmative Defense should be stricken, as it is legally insufficient.  Defendant avers that the "Court lacks subject matter jurisdiction over Plaintiff's claims."  Section 1692d of the FDCPA states:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

Every claim brought by Plaintiff against Defendant is based on a section of the FDCPA.  It completely contrary to the unambiguous plain language of the statute to argue that this Court lacks subject matter jurisdiction over Plaintiff's FDCPA claims.  Therefore, Plaintiff respectfully requests that this Honorable Court strike Defendant's Sixth Affirmative Defense.

### f. Defendant's Eighth Affirmative Defense that Plaintiff's claims are barred by the doctrines of waiver and estoppel is factually insufficient

Defendant's Eighth Affirmative defense should be stricken because it lacks the detail necessary to put Plaintiff on notice of the defense, and it is not an affirmative defense to the FDCPA.  Under Fed. R. Civ. 8(c), an affirmative defense must give adequate notice to the opposing party, affording them the

opportunity to rebut the defense.   See First Union Nat. Bank, 477 F.3d at 622.

"[A]ffirmative defenses that are merely bare bones conclusory allegations do not

meet the standards of Rule 8 and must be stricken."   Semulka, 2006 WL 318823 at

*1.

Defendant's Eighth Affirmative Defense is devoid of any information that

would indicate how waiver or estoppel would excuse Defendant's liability in this

case.   Accordingly, Plaintiff respectfully requests that this Honorable Court strike

Defendant's Eighth Affirmative Defense.

### g. Defendant's Ninth Affirmative Defense that Plaintiff's claims are barred by the doctrine of unclean hands is factually and legally insufficient

Defendant contends, as its third affirmative defense, that, "Plaintiff's claim

is barred by the doctrine of unclean hands." It is well established that an

affirmative defense must be pled with specificity. When an answer includes only

conclusory statements alleging defenses of unclean hands, the defendant has failed

to provide sufficient notice to the plaintiff and therefore the defense should be

stricken.   See Global Poly, Inc., 2004 WL 532844 (D.C. Ill. 2004).   In this case,

Defendant has not alleged any facts or information which would give Plaintiff

sufficient notice as to what conduct Plaintiff engaged in to the detriment of

Defendant or that Plaintiff acted in a way that amounts to fraud, misconduct, or

bad faith.  Rather, Defendant solely makes a conclusory statement.  Therefore, its defense should be stricken.

Moreover, the Third Circuit has held that the doctrine of unclean hands applies when one party "has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation." Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 174 (3d Cir. 2001).  The doctrine of unclean hands traditionally applies to prevent parties from seeking equitable remedies.  See, e.g., McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 756 n.9 (3d Cir. 1990). "The concept of unclean hands may be employed by a court to deny injunctive relief where the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party." Performance Unlimited, Inc. v. Questar Pub., Inc., 52 F.3d 1373 (6th Cir. 1995), citing Novus Franchising, Inc. v. Taylor, 795 F. Supp. 122, 126 (M.D. Pa. 1992).  "The doctrine of unclean hands requires that the alleged misconduct on the part of the plaintiff relate directly to the transaction about which the plaintiff has made a complaint." Performance, 795 F.3d at 1383 citing Dollar Systems, Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 173 (9th Cir. 1989).  In this case, Plaintiff is not seeking injunctive relief; rather, she is seeking statutory damages, actual damages, and attorneys' fees and costs.  Accordingly, the doctrine of unclean hands is not applicable, and this affirmative defense should be stricken.

**h. Defendant's Fourteenth Affirmative Defense that Plaintiff's claims are barred by the doctrine of laches is factually and legally insufficient**

Defendant's Fourteenth Affirmative Defense should be stricken because it is insufficiently pled and is inappropriate in this case.  In order to succeed on the doctrine of laches, Defendant must establish: (1) a delay arising from plaintiff's failure to exercise due diligence; and (2) prejudice to defendant as a result of the delay.  Allstate Indem. Co. v. Coroniti, 2006 WL 1410820 (M.D. Pa. May 19, 2006) aff'd sub nom. Allstate Inde. Co. v. Coroniti, 2007 WL 3118329 (3d Cir. Oct. 24, 2007).

Furthermore, Defendant has failed to plead any information at all that would meet the above test for this defense.  Instead, Defendant merely states a "bare bones conclusory statement" making this affirmative defense inadequate.  See eg, BJ Energy LLC v. PJM Interconnection, LLC, 2010 WL 1491900 (E.D. Pa. Apr. 13, 2010); Cintron Beverage Group, LLC v. DePersia, 2008 WL 1776430, at *2, (E.D.Pa. Apr. 15, 2008); and Directv, Inc. v. Figler, 2006 WL 318825 (W.D. Pa. Feb. 9, 2006).

Plaintiff's Complaint in this case was filed within the one-year statute of limitations set out in 15 U.S.C. §1692k(d).  Further, as pled in the Complaint, Plaintiff filed her Complaint nine months after Defendant first violated the FDCPA, and four moths after its latest violation.  An argument that Plaintiff somehow failed to exercise due diligence in this case is absurd based on a simple

reading of the allegations.    Accordingly, Defendant's Fourteenth Affirmative Defense should be stricken.

### i. Defendant's Fifteenth Affirmative Defense that Plaintiff's claims are barred by the statute of frauds is factually and legally insufficient

Defendant's Fifteenth Affirmative Defense should be stricken because it is legally and factually insufficient.    First, given the complete absence of any supporting facts, it is entirely unclear how, or even which, statute of frauds Defendant is averring excuses it from liability.    Further, the statute of frauds is inapplicable to Plaintiff's FDCPA claims.    Any version of Pennsylvania's Statute of Frauds only applies to claims brought under a contract theory.    See 13 Pa. Cons. Stat. Ann. § 2201 (applicable only to contracts for the sale of goods); 33 Pa. Stat. Ann. § 3 (applicable only to agreements to pay another's debt).

Here, Plaintiff's claims are based on Defendant's statutory violations of the FDCPA.    Plaintiff has not pled, and does not base any of her claims on, the existence or terms of any contract.    Accordingly, any argument that Plaintiff's claims are barred by the contractual doctrine of statute of frauds is entirely irrelevant, legally insufficient, and therefore should be stricken.

### j. Defendant's Sixteenth Affirmative Defense that Plaintiff's claims are barred by the FDCPA is legally insufficient

Defendant's Sixteenth Affirmative Defense should be stricken because it is factually insufficient and is not an affirmative defense.    Defendant avers that,

"Plaintiff's claims are barred by the FDCPA."   Given the absence of any supporting facts at all, this defense is entirely unclear and fails to meet the pleading requirements of Rule 8.   All of Plaintiff's claims are brought under the FDCPA, and she has alleged conduct by Defendant which violates the FDCPA. So, it is unclear how her claims could be barred as an affirmative defense. Accordingly, Plaintiff respectfully requests that this Honorable Court strike Defendant's Sixteenth Affirmative Defense.

### k. Defendant's Seventeenth Affirmative Defense that Plaintiff cannot show that Defendant's violation was intentional is legally insufficient

Defendant's Seventeenth Affirmative Defense is misstatement of a bona fide error defense.   As stated, this affirmative defense is not an appropriate affirmative defense.   Section 1692k(c) of the FDCPA reads as follows:

> A debt collector may not be held liable in any action brought under this title if the **debt collector shows by a preponderance of evidence that the violation was not intentional** and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

(emphasis added).   The statute unambiguously places the burden of showing that the violation was unintentional on the debt collector asserting this defense. However, Defendant's Seventeenth Affirmative Defense states as follows:

> Defendant is not liable to Plaintiff because even if Plaintiff can show a violation of the FDCPA, **Plaintiff cannot show such a violation was intentional**.   Rather, any violation alleged by

> Plaintiff, if it occurred, was the result of a bona fide error that occurred in spite of Defendant's established procedures reasonably adapted to avoid such errors.

(emphasis added).

As written, this defense would excuse Defendant from its burden of proving that its violation was a mistake, and shifts the burden by forcing Plaintiff to prove that Defendant's violation was not a mistake. In its current form, this defense is in complete contradiction to the plain language of the statute, and therefore should be stricken.

**l. Defendant's Eighteenth Affirmative Defense that it complied with all applicable statutory and regulatory provisions is legally insufficient**

Defendant's Eighteenth Affirmative Defense should be stricken because it is nothing more than a mere denial. Mere denials by their very nature are not affirmative defenses. <u>DirecTv, Inc. v. Semulka</u>, 2006 WL 318823. An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." <u>See</u> DEFENSE, Black's Law Dictionary (9th ed. 2009), defense. The very purpose behind Plaintiff's complaint is to state that Defendant violated the FDCPA. By simply stating that Defendant has complied with all applicable federal and state statutory and regulatory provisions, Defendant has done nothing

more than simply denied the allegations contained in Plaintiff's complaint. As such, this defense is nothing more than a mere denial and should be stricken.

**m. Defendant's Twentieth Affirmative Defense that Plaintiff's claims are subject to set-off is factually insufficient**

Defendant's Twentieth Affirmative defense should be stricken because it lacks the detail necessary to put Plaintiff on notice of the defense. Under Fed. R. Civ. 8(c), an affirmative defense must give adequate notice to the opposing party, affording them the opportunity to rebut the defense. See First Union Nat. Bank, 477 F.3d at 622. "[A]ffirmative defenses that are merely bare bones conclusory allegations do not meet the standards of Rule 8 and must be stricken." Semulka, 2006 WL 318823 at *1.

Here, Defendant asserts that Plaintiff's claims are subject to set-off; however, given the lack of any supporting facts, Plaintiff is unable to determine what set-off, if any, could possibly apply to her claims. Accordingly, Plaintiff respectfully requests that this Honorable Court strike Defendant's Twentieth Defense.

**n. Defendant's Twenty-first Affirmative Defense that it reserves the right to add additional Affirmative Defenses is legally insufficient**

Finally, Defendant contends, in its Twenty-first affirmative defense, that, "Defendant reserves the right to amend its Answer and Affirmative Defenses based on any information obtained during discovery." Reserving the right to assert

additional defenses is not itself an affirmative defense and is instead duplicative of rights already preserved by the Federal Rules.  <u>See Racick v. Dominion Law Associates</u>, 270 F.R.D. 228, 237 (E.D.N.C. 2010); and F.R.C.P. 12(h). Accordingly, this defense must be stricken.

## III.   <u>CONCLUSION</u>

Based on the foregoing, Plaintiff requests that this Honorable Court strike Defendant's Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Twentieth and Twenty-first Affirmative Defenses.

RESPECTFULLY SUBMITTED,

DATED: 08/08/2012          KIMMEL & SILVERMAN, P.C.

By: <u>/s/ Craig Thor Kimmel</u>
    Craig Thor Kimmel
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: <u>kimmel@creditlaw.com</u>