IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA CLEMENTONI, | : | Civil No. 4:12-CV-936 |
| | : | |
| Plaintiff, | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| ALLIED INTERSTATE, INC., | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This case is an action brought under the Fair Debt Collection Practices Act (hereafter "FDCPA") 15 U.S.C. §1692, et seq., which has been referred to this Court for assessment of costs and attorneys fees following the acceptance of an offer of judgment in favor of the plaintiff. (Doc. 31.) The plaintiff commenced this action by filing a complaint on May 18, 2012, and paying the required $350 filing fee. (Doc. 1.) Over the next six months this case was then actively litigated, with the parties preparing case management plans, engaging in discovery, and litigating a pre-trial motion to strike the defendant's answer to the complaint. (Docs. 2-29.) Ultimately, this phase of the litigation drew to a close on November 21, 2012, when Clementoni accepted the defendant's $1,501.00 offer a judgment, an offer of judgment which

1

provided the payment of this sum, "plus reasonable costs and attorney' fees as recoverable by law and allowed by the Court. " (Doc. 30.)

With the acceptance of this offer of judgment, the parties have now engaged in attorney' fees litigation, with the plaintiff filing a petition seeking fees and costs. (Doc. 31.) This petition has been fully briefed by the parties, (Docs. 33, 37. 38, 39.), and has been referred to the undersigned for resolution. (Doc. 35.) Having conducted a careful review of this petition, for the reasons set forth below, it is recommended that the district court enter judgment in favor of the plaintiff in the amount of $9,165.00, consisting of the stipulated damages of $1,501.00, set forth in the offer of judgment, costs of $350, and attorney's fees of $7,314.00.

**II. Discussion**

**(A) Legal Standards Governing Costs and Attorney's Fee Calculations Under The Fair Debt Collection Practice Act**

The Fair Debt Collections Practice Act, 15 U.S.C. §1692, forbids harassment, abuse or the use of misleading conduct in connection with debt collection, 15 U.S.C. §§ 1692c-f, and provides an array of civil remedies for those who are aggrieved by deceptive or intimidating debt collection practices. Specifically, the FDCPA provides that:

> [A]ny debt collector who fails to comply with any provision of th[e] [FDCPA] with respect to any person is liable to such person in an amount

equal to the sum of--

**(1)** any actual damage sustained by such person as a result of such failure;

**(2)(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

******

**(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a).

Thus, by its terms, the FDCPA provides for a panoply of remedies on behalf of plaintiffs like Clementoni, including actual or statutory damages, costs, and reasonable attorneys fees. The availability of each of these remedies, in turn, is further described and defined both by statute and through case-law construing the FDCPA.

At the outset, with respect the category of damages under the act, the parties have accepted an offer of judgment of $1,501.00, thus resolving this component of this claim though the agreement of the parties. Therefore, the only remaining contested items in this case are costs and attorney' fees. As for these additional elements of the plaintiff's claim, the Act further authorizes a prevailing plaintiff to recover "the costs of the action." 15 U.S.C. §1692k(a)(3). These costs typically include filing and

service fees and expenses, as well as reasonable postage expenses associated with the litigation. See 28 U.S.C. §1920(1)-(6), Gervais v. O'Connell, Harris & Associates, Inc., 297 F.Supp.2d 435 (D.Conn. 2003).

Finally, the Act also permits the recovery of "a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). With respect to the attorney's fee provision of the Act, it is well-settled that: "Given the structure of [15 U.S.C. §1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." Graziano v. Walkeron, 950 F. 2d 107, 113 (3d Cir. 1991) (reiterating that several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted). In setting a reasonable attorney's fee, "[t]he starting point for a determination of attorney's fees, the lodestar calculation, is the product of: [1] the number of hours reasonably expended . . . [2] times an hourly fee based on the prevailing market rate." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking fees bears the burden of producing "sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered . . . ." Knight

v. Drye, 2009 U.S. Dist. LEXIS 82369 (M.D. Pa. Sept. 10, 2009) (quoting McCutcheon v. America's Servicing Co., 560 F.2d 143, 150 (3d Cir. 1990). See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986) (party seeking fees has the initial burden of presenting evidence that the claimed rates and time expended are reasonable).

Determining a reasonable hourly rate generally "is calculated according to the prevailing market rates *in the relevant community*." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001)(emphasis added). In most cases, the relevant market rate is the prevailing rate in the forum of the litigation. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005). A court must not make a finding of reasonableness based on its own "generalized sense" of appropriateness, but instead "must rely on the record." Evans v. Port Auth. of N.Y. and N.J., 273 F.3d 346, 361 (3d Cir. 2001) (quoting Smith v. City of Phila. Housing Auth., 107 F.3d 223, 225 (3d Cir. 1997)). Courts are to "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking fees "bears the burden of establishing by way of satisfactory evidence, 'in addition to [the] attorney's own

affidavits,' . . . that the requested hourly rates meet this standard." Washington v. Philadelphia Cty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The petitioning attorney's usual billing rate is typically a starting point in this calculation, but it is not dispositive. Loughner, 260 F.3d at 180.

With respect to calculating the number of hours reasonably expended, the court "should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995) (internal citation omitted); see also Dellarciprete, 892 F.2d at 1183 ("The district court should exclude hours that are not reasonably calculated."). In general, hours are not considered to have been reasonably expended "if they are excessive, redundant, or otherwise unnecessary." Id. The court may permissibly deduct hours from the fee award if the attorney inadequately documents the hours claimed. Id.

### B. Assessment of Damages, Costs and Fees in This Case

With these legal benchmarks in mind, we turn to an assessment of the costs, and attorney's fees claims made by plaintiff's counsel in the instant case.

### (1) Costs

At the outset, Clementoni seeks reimbursement of costs consisting of her $350 filing fee. In FDCPA actions prevailing plaintiffs typically are entitled to recover their costs, which may include filing and service fees and expenses, as well as reasonable postage expenses associated with the litigation. See 28 U.S.C. §1920(1)-(6); Gervais v. O'Connell, Harris & Associates, Inc., 297 F.Supp.2d 435 (D.Conn. 2003). Since the costs listed by the plaintiff are entirely appropriate and may be recovered in this action, it is recommended that the court order payment of these costs in full as part of any judgment in this matter.

### (2) Attorney's Fees

We then turn to the assessment attorney's fees in this case. Clementoni is entitled to payment of attorney's fees since the Act specifically authorizes the recovery of "a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). Moreover, in assessing such fee requests we must remain mindful of the fact that "[g]iven the structure of [15 U.S.C. §1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." Graziano v. Walkeron, 950 F. 2d 107, 113 (3d Cir. 1991). In assessing the reasonableness of this particular requested fee

award, as we have previously observed, "[t]he starting point for a determination of attorney's fees, the lodestar calculation, is the product of [1] the number of hours reasonably expended . . . [2] times an hourly fee based on the prevailing market rate." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In this motion, Clementoni's counsel seeks attorney's fees of $9,875.00, asserting that counsel expended 46.9 hours of time in this case between January and November, 2012. Clementoni's counsel has supported this request with affidavits and detailed billing records. For the most part these records reflect that the plaintiff's counsel addressed issues during the months of active litigation in this case efficiently, and with dispatch. Thus, individual billing entries rarely exceed one hour in this lawsuit, and the vast majority of the billing entries entail modest increments of time, typically falling well below 30 minutes.

The plaintiff's fees petition also reflects that counsel have been mindful of our prior observations regarding prevailing rates in this legal market, see e.g., Overly v. Global Credit & Collection Corp., Inc., 1:10-CV-2392, 2011 WL 2651807 (M.D. Pa. July 6, 2011), and have, therefore, adjusted their billing rates in accordance with prevailing legal community standards, with the senior partner assigned to this case seeking reimbursement at a rate of $300 per hour, other attorneys applying reduced

rates of $250 to $200 per hour, and administrative staff billing their time at a rate of $70 per hour. (Doc. 33.)

### (a) Hourly Rate Calculation

In assessing this particular fees petition we note at the outset that in determining a reasonable hourly rate, that rate generally "is calculated according to the prevailing market rates *in the relevant community*." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001)(emphasis added). In most cases, the relevant market rate is the prevailing rate in the forum of the litigation, in this case the Middle District of Pennsylvania. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005).

Applying this benchmark, we find that our own assessment of fee award hourly rates approved by the courts in this district suggests that attorneys of plaintiff counsels' background, and experience in this particular legal marketplace typically commands a fee rate of between $200 and $300. See, e.g., Haines v. Forbes Road School Dist., No. 07–851, 2010 WL 56101 (M.D.Pa. Jan. 5, 2010)($280 hourly rate); Diana v. Oliphant, No. 05-2338, 2009 WL 2426134 (M.D. Pa. Aug. 6, 2009)(hourly rates of $260 and $250); Buck v. Stankovic, No. 07-717, 2008 WL 4072656 (M.D.Pa. Aug. 27, 2008)(finding a range of reasonable rates for attorneys of varying experience between $160 and $300 per hour); Lohman v. Borough, No. 05-1463, 2008 WL

2951070 (M.D. Pa. July 30, 2008)(hourly rate of $215); DIRECT TV v. Walsh, No. 03-72, 2006 WL 3308668 (M.D.Pa. Oct. 12, 2006)(hourly rates range between $175-$200). Similarly, in this legal market paralegal fees are typically billed at a rate that ranges between $70.00 and $120.000 per hour. See e.g., DIRECT TV v. Walsh, No. 03-72, 2006 WL 3308668 (M.D.Pa. Oct. 12, 2006)(paralegal hourly rate of $65.00); Holliday v. Cabrera & Associates, P.C., No. 05-971, 2007 WL 30291 (Jan. 4, 2007)(paralegal fees of $115.00).

  Thus, the hourly rates proposed here by the plaintiff are completely consistent with the prevailing rates in this particular legal market. Indeed, in an FDCPA action, this Court has recently identified the hourly rates proposed by the plaintiff as fair, reasonable and wholly in accord with the prevailing rates in the local legal market. Overly v. Global Credit & Collection Corp., Inc., 1:10-CV-2392, 2011 WL 2651807 (M.D. Pa. July 6, 2011). See also Jackson v. National Credit Adjuster, LLC, No. 08-480, 2009 WL 367408 (M.D. Pa. Feb. 13, 2009)(FDCPA action $250 per hour rate approved.) Accordingly, in this case it is recommended, when determining the reasonable attorney's fees in this matter, that the hourly rates requested by plaintiff's counsel, which are consistent with the prevailing rates previously found by this court, be adopted and employed in calculating the fees owed.

### (b) Hours Worked

Plaintiff's counsel then details 46.9 hours of legal work spanning ten months which is directly attributed to the litigation of this matter. (Doc. 33-1.) We have carefully and independently reviewed this aspect of the fees claim, considering the defendant's objections to these items, and find the hours charged to this case generally to be appropriate, given the nature and extent of this litigation, with one minor caveat. In particular, we find the hours billed to this matter preparation of the complaint, consultations with counsel and the client, review of filings from the court, preparation of the case management plan, drafting the fees petition, and conducting discovery all to be appropriate in this case.[1]

---

[1] In this regard, we have carefully considered, but rejected, the defendant's assertion that these billings are improper or excessively redundant. We note, for example, that the defendant chides counsel for spending brief periods of time on a number of occasions reviewing electronic case filings issued by the court. This is not, in our view, an inappropriate action, as the defendant suggests. Quite the contrary, we believe that counsel should be encouraged to stay abreast of filings in the cases they litigate. We also decline the defendant's invitation to look to the size of the damage award in setting the attorney' fees in this case, since the entire structure of the FDCPA recognizes that the fee awards will frequently outstrip the actual, or statutory damages. Thus, "attorney's fees awarded by district courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants.'" Evans v. Jeff D., 475 U.S. 717, 735 (1986) (citation omitted). This is particularly true in FDCPA cases, where courts have declined invitations to adopt the type of strict proportionality test urged by the defendant. See e.g., Phenow v. Johnson, Rodenberg & Lauinger, PLLP, 766 F. Supp. 2d 955, 959 (D. Minn. 2011); Turner v. Oxford Mgmt. Servs., Inc., 552 F. Supp. 2d 648, 650 (S.D. Tex. 2008): Cope v. Duggins, 203 F. Supp. 2d 650, 656 (E.D. La. 2002); Norton v.

One item of hourly billing, however, in our view warrants some adjustment. The billing records in this matter indicate that plaintiff's counsel claims approximately 12.8 hours of work, and seek reimbursement of $2,561.00 for fees relating to various aspects of litigating a motion to strike the defendant's answer to the complaint.[2] With one narrow exception, we recommended that this motion to strike be denied, finding that the plaintiff had not met the exacting standards prescribed by law for a motion to strike, and concluding that the plaintiff's counsel, who are highly experienced litigators in this field, should have been able to deftly assess the pertinence of these alternative affirmative defenses to this particular lawsuit without the necessity of judicial intervention in the form of an order striking defenses. (Doc. 22.)

Where the Court regards a motion to strike as "ill-advised and unnecessary"

---

Wilshire Credit Corp., 36 F. Supp. 2d 216, 219 (D.N.J. 1999).

[2]See Doc. 33-1, which sets forth the following entries related to the litigation of this motion to strike: August 3, 2012, 1.4 hours, $280.00; August 2, 2012, .6 hours, $42.00; August 3, 2012, .1 hours, $25.00; August 9, 2012, .1 hours, $20.00; August 8, 2012, .2 hours, $14.00; August 8, 2012, .1 hours, $25.00; August 8, 2012, .1 hours, $25.00; August 8, 2012, .1 hours, $25.00; August 22, 2012, .1 hours, $25.00; August 22, 2012, .1 hours, $25.00; September 5, 2012, 3.7 hours, $740.00; September 5, 2012, .1 hours, $25.00; September 5, 2012, .4 hours, $100,00; November 7, 2012, 2.4 hours, $480.00; November 9, 2012, 2.8 hours, $560.00; November 9, 2012, .1 hours, $25.00; November 28, 2012, .1 hours, $25.00; November 29, 2012, .1 hours, $25.00; November 29, 2012, .1 hours, $25.00; November 30, 2012, .1 hours, $25.00; November 30, 2012, .1 hours, $25.00.

under the FDCPA, it may, in the exercise of its discretion, deny recovery of attorneys' fees for the time and expense of litigating this motion. See Shaw v. Allied Interstate, 2:12-CV-02040, 2012 WL 6625380 (W.D. Ark. Dec. 19, 2012). In this case, we continue to believe that this particular motion to strike was unnecessary, and was ill-advised. Therefore, we recommend that the district court adjust the fees petition to disallow costs related to the litigation of this unnecessary, and collateral, issue. With the fees petition adjusted in the fashion which we recommend, the total hours billed in this case, which we find to be proper, reasonable billings, are reduced from 46.90 hours to 34.10 hours, and the attorneys' fees award is reduced from $9,875.00 demand to $7,314.00.

### III. Recommendation

For the reasons set forth above, it is RECOMMENDED that the Court award a default judgment in the amount of the following fees, costs and damages in this case:

| | |
|---|---|
| COSTS: | $ 350.00 |
| STIPULATED OFFER OF JUDGMENT | $1,501.00 |
| ATTORNEY'S FEES | $7,314.00 |
| TOTAL | $9,165.00 |

The Parties are placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of June 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge